IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER MORGAN-TYRA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.        4:18-cv-1799 |
| | ) | |
| CITY OF ST. LOUIS, | ) | |
| **Serve:** | ) | |
| **Mayor Lyda Krewson** | ) | |
| **1200 Market** | ) | |
| **St. Louis, MO 63103** | ) | |
| **City Hall, Room 200** | ) | |
| | ) | |
| and | ) | |
| | ) | JURY TRIAL DEMANDED |
| ST. LOUIS METROPOLITAN | ) | |
| POLICE DEPARTMENT, | ) | |
| **Serve:** | ) | |
| **Chief John Hayden** | ) | |
| **1915 Olive St.** | ) | |
| **St. Louis, MO 63103** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| OFFICER ANDREI NIKOLOV, | ) | |
| **Serve:** | ) | |
| **533 Hannah Way** | ) | |
| **Arnold, MO 63010** | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

**COMES NOW** Plaintiff Jennifer Morgan-Trya and for her cause of action against

Defendants, jointly and severally, states as follows:

## PARTIES

1.      Plaintiff Jennifer Morgan-Tyra is a resident and citizen of the City of St. Louis,

State of Missouri and she brings this action pursuant to 42 U.S.C. §1983 and 42 U.S.C. 1985.

2.      Defendants City of St. Louis and the St. Louis Metropolitan Police Department are governmental entities created by and established under the laws of the State of Missouri, including pursuant to Article VI § 1 of the Missouri Constitution.  At all times relevant hereto Defendants City of St. Louis and St. Louis Metropolitan Police Department acted through their agents and employees including Officer Andrei Nikolov and other agents and employees of the St. Louis Metropolitan Police Department.

3.      Defendant Officer Andrei Nikolov, at all times relevant hereto was a resident of the State of Missouri.

## JURISDICTION

4.      Plaintiff brings this action due to the violation of her civil rights and her derivative civil rights under 42 U.S.C. §1983 and 42 U.S.C. 1985, which provide for this Court's jurisdiction under 28 U.S.C. §1331 and 28 U.S.C. §1343.  Venue and jurisdiction are appropriate in this Court as the underlying facts and circumstances occurred within the Eastern Division of the Eastern District of Missouri.

5.      Plaintiff hereby requests supplemental jurisdiction of her state law claims pursuant to 28 U.S.C. §1367.

## ALLEGATIONS COMMON TO ALL COUNTS

6.      This is a civil action seeking money damages against Defendants Officer Andrei Nikolov, the City of St. Louis, and the St. Louis Metropolitan Police Department for the acts of Officer Andrei Nikolov and others, under color of state law, which deprived Jennifer Morgan-Tyra of rights secured to her under the Constitution of the United States of America and other laws of the United States to be free from the use of excessive force, from false arrest and malicious prosecution, and other wrongs.  In addition, defendants conspired to deprive Plaintiff

of those rights with the purpose of impeding and hindering the due course of justice, with the intent to deny Plaintiff the protection of the Constitution and other laws by denying her of her liberty; and for refusing, failing or neglecting to prevent such deprivations or denials to Plaintiff by wrongfully arresting and prosecuting Plaintiff.

7.     Officer Nikolov entered private premises, without announcing his presence or authority, and unlawfully assaulted and caused grievous bodily injury to Plaintiff by shooting her repeatedly in the back and in other areas of her body. Defendant Nikolov thereafter unlawfully caused the false arrest and detention of Plaintiff under color of state law in violation of her rights, including those secured and protected by the Fourth and Fourteenth Amendments to the United States Constitution.  Defendants violated the Plaintiff's rights by custom and practice of failing to train, instruct, supervise, control and discipline the Officers of the St. Louis Metropolitan Police Department for such violations, and said customs, practices and usages caused the deprivation of Plaintiff's rights secured under the United States Constitution, other laws of the United States, and the laws of the State of Missouri.

8.     The City of St. Louis and the St. Louis Metropolitan Police Department have exclusive management and control of the policies and practices of the St. Louis Metropolitan Police Department regarding the method and manner of performing routine calls for assistance at a residence within the City of St. Louis. These defendants are responsible for ensuring that officers perform their duties in responding to calls for assistance in accordance with the United States Constitution, other laws of the United States, and the law of the State of Missouri, and are responsible for insuring that members of the St. Louis Metropolitan Police Department otherwise conduct themselves in a lawful manner in undertaking and performing their duties.

9.      Each and all of the acts of Defendant Officer Nikolov, as well as the acts of other agents and employees of the City of St. Louis and/or the St. Louis Metropolitan Police Department were made under color and pretense of the statutes of the State of Missouri and the regulations, practices, customs, and usages of the City of St. Louis and the St. Louis Metropolitan Police Department.

### FACTS OF OCCURRENCE

10.     On May 8, 2015 at approximately 7:00 p.m. Officer Nikolov and Officer Gregory Buschart were performing their routine duties as police officers by responding to calls for assistance made to the 911 operator.  At 18:58 p.m. Plaintiff placed a call to the 911 operator to report a break in of the back door of her childhood home of 4241 Chippewa, which on May 8, 2015 was owned by her brother Jason Tyra.

11.     Plaintiff was using a lawfully-possessed handgun to protect herself from the individual who had entered the premises and was threatening Plaintiff with a large screwdriver. At the time of the shooting, Plaintiff had instructed the intruder to remain seated on a bed in the bedroom adjoining a hallway where Plaintiff was located.

12.     After entering the residence Officer Nikolov approached Plaintiff from behind and fired his service revolver into Plaintiff's back and into other areas of her body hitting her at least 9 times. Officer Nikolov opened fire without having a reasonable fear of being in danger of bodily harm and after failing to identify himself as a Police Officer or giving Plaintiff a reasonable opportunity to follow his commands.

13.     As a result of the gunshot wounds, Ms. Morgan-Tyra suffered the following injuries and damage:

- Medically induced coma for approximately 8 weeks;

- Permanent paralysis from the 12th thoracic vertebra down;

- Gastric injury requiring gastronomy on two occasions and injury to her descending colon;

- Damage to the cecum or pouch at the junction of the small and large intestines;

- Damage to the jejunum or mid-section of the small intestine;

- Grade 3 left kidney laceration;

- Damage to the pancreas/pancreatic head;

- Grade 2 spleen laceration;

- Two grade 4 liver lacerations;

- Fractures of the right 11th and 12th ribs;

- Fracture of the left 12th rib;

- Contusion injuries to both lungs;

- Bilateral traumatic hemopneumothorax;

- Hematoma of the right pectoralis major (right chest muscle);

- Fracture of the right scapular coracoids/projection of the shoulder blade;

- Fracture of the scapula;

- Fracture of the right humerus;

- Fracture of the right iliac wing (uppermost);

- Fracture of the left iliac crest (upper crest on the left iliac wing);

- Fracture of the posterior T12, L1 and L2 vertebrae;

- Wounds requiring an appendectomy and skin grafting of the left wrist;

- Ileostomy and an SP catheter;

- A bullet remains lodged in Ms. Morgan-Tyra's right shoulder causing permanent dislocation of the humeral acromioclavicular joint;

- The same bullet has destroyed or "killed" (as the doctor stated) the radial nerve in her right arm requiring surgeries to make her right hand more useful;

- At the time of the shooting, Ms. Morgan-Tyra was 5'5" tall and weighed 140 pounds. As a result of being shot 9 times, the medically induced coma, and the extensive surgeries required over the following two months, her weight dropped to approximately 100 pounds;

- Because of the damage to her abdomen during the exploratory laparotomy and other abdominal surgeries, her paralysis from the 12th thoracic vertebra down, she is unable to exercise, and now weighs 180 pounds.

- Ms. Morgan-Tyra was diagnosed while in the hospital with Methicillin-resistant Staphylococcus Aureus (MRSA) infection which occurs in people who have been in hospitals and is typically associated with invasive procedures or devices, such as the surgeries and intravenous tubing that Ms. Morgan-Tyra underwent as result of being shot. It commonly becomes resistant to antibiotics.

- Due to the forgoing Ms. Morgan-Tyra can no longer engage in normal activities and cannot negotiate her environment without the use of a wheelchair and a specialized van.

14.     After shooting Ms. Morgan-Tyra, the St. Louis Police Department unlawfully applied for and obtained warrants for her arrest and thereafter wrongfully took Plaintiff into custody. Defendants through their employees and agents, including Officer Nikolov, provided false and misleading evidence to secure the prosecution of Ms. Morgan-Tyra, requiring her to turn herself in to be arrested, and then causing her to be charged and prosecuted for the Class C Felony of Assault Second Degree on a Law Enforcement Officer and Armed Criminal Action, a Class B Felony with a mandatory minimum sentence of three years. There was no legal or

factual basis for those charges.  She was prosecuted on those charges until June 5, 2017, when the charges were dismissed by the Circuit Attorney's Office.

**COUNT I**

**PLAINTIFF'S CAUSE OF ACTION AGAINST DEFENDANT NIKOLOV FOR EXCESSIVE FORCE COGNIZABLE UNDER 42 U.S.C. § 1983**

**COMES NOW** Plaintiff for her cause of action against Defendant Nikolov for excessive force states as follows:

15.     Plaintiff herewith adopts by reference paragraphs 1 through 14 of this Complaint the same as if fully herein set forth.

16.     Officer Nikolov, acting within the course and scope of his employment as a St. Louis City Police Officer, repeatedly shot Plaintiff in the back at least 9 times in total.  Officer Nikolov's use of force was without just cause or provocation and committed with the intent to cause serious bodily harm.

17.     The initial shooting was the direct result of Officer Nikolov's failure to identify himself as a Police Officer and/or the failure to give Plaintiff time to obey his orders. Furthermore, any orders given by Officer Nikolov were not lawful in that he had not announced that he was a police officer and Plaintiff was not aware that he was a police officer.

18.     Defendant Nikolov had a duty to ascertain that he or someone else was at risk of imminent serious physical injury or death before using deadly force on May 8, 2015.  Officer Nikolov failed to determine that there was the risk of imminent bodily injury or death before using deadly force.

18.     At no time did Plaintiff threaten Defendant Nikolov or anyone else with imminent bodily injury or death.  Plaintiff did not commit any misdemeanor or felony or any other act, which warranted the use of deadly force by Officer Nikolov.

7

19.     The conduct of Officer Nikolov in shooting Plaintiff was unreasonable, unlawful and unconstitutional in that Officer Nikolov used more force than was reasonably necessary under the circumstances.

20.     The use of deadly force was clearly excessive in that Defendant Nikolov did not have any probable cause or reasonable suspicion to believe that anyone posed a threat of serious physical harm either to Defendant Nikolov or to any other person. Karla Nicholson had stopped threatening Plaintiff with the large screw driver when Plaintiff pointed her lawfully possessed handgun at Ms. Nicholson and instructed her to remain seated on the bed in the bedroom adjoining the hallway where Plaintiff was located when she was shot.  There was no need for force of any kind to preserve the peace, maintain order or to overcome any resistance to authority by Plaintiff or by anyone else as set forth above.

21.     Furthermore, a reasonable officer in Defendant Nikolov's position would have understood that he was required to announce his presence and authority under the circumstances. A reasonable officer in Defendant Nikolov's position would have known that Plaintiff was not lawfully required to, and could not reasonably be expected to, comply with orders from an unknown individual.

22.     As a direct result of Defendant Nikolov's unlawful shooting of Ms. Morgan-Tyra, performed under color of law and as an exercise of Officer Nikolov's authority as a St. Louis Police Officer, Plaintiff suffered permanent grievous bodily harm and permanent paralysis, was deprived of her right to be secure in her person, her right to be free from the unreasonable seizure of her person and to be secure from the use of excessive force in violation of her rights under the Fourth and Fourteenth Amendments to the Constitution of the United States of America and 42 U.S.C. § 1983.

23.     The acts of Officer Nikolov as set forth above were intentional, wanton, malicious, evil and oppressive, or exhibited a reckless indifference to the federally protected rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages against Officer Nikolov in order to deter him and others similarly situated from like conduct in the future.

24.     Plaintiff also seeks an award of attorney's fees and costs pursuant to 42 U.S.C. § 1983.

WHEREFORE, Plaintiff prays judgment against Defendant Nikolov for compensatory damages in an amount which is fair and reasonable, for punitive damages in order to punish Defendant Nikolov and to deter him and others similarly situated from like conduct in the future and for the costs of this action, her attorney's fees, interest, and for such other and further relief as the Court deems proper under the circumstances.

## COUNT II

### PLAINTIFF'S CAUSE OF ACTION AGAINST DEFENDANTS FOR UNREASONABLE SEIZURE AND FALSE ARREST COGNIZABLE UNDER 42 U.S.C. § 1983

**COMES NOW** Plaintiff and for her cause of action against Defendants, jointly and severally, for unreasonable seizure and false arrest states as follows:

25.     Plaintiff herewith adopt by reference paragraphs 1 through 24 of this Complaint the same as if fully herein set forth.

26.     Subsequent to the wrongful shooting of Plaintiff Officer Nikolov and other members of the St. Louis Metropolitan Police Department placed Plaintiff in custody and thereafter required her to turn herself in to be arrested and charged as set forth above.

27.     Plaintiff Morgan-Tyra had not committed any crime. The St. Louis Police Department was aware that Plaintiff had not committed any crime, in that she had been lawfully

on the premises and defending herself when she was shot in the back, without provocation, by Officer Nikolov.  Defendants had a duty to release Plaintiff immediately and not confine her or interfere with her liberty because Plaintiff had not violated any law or breached the peace. Defendants thereby violated Plaintiff's right to be free from unreasonable seizure as guaranteed by the Fourth and Fourteenth amendments to the Constitution of the United States.

28.     By these acts of placing Plaintiff in custody and charging her with 2 felonies Defendants and others, while acting under color of law, subjected Plaintiff to an unreasonable seizure of the person in violation of her due process rights protected under the Fourth and Fourteenth Amendments of the Constitution of the United States.

29.     The unreasonable seizure of Plaintiff's person by Defendants and others was in violation of clearly established law.  Defendants' aforesaid actions were not objectively reasonable.  Defendant Nikolov and other members of the St. Louis Police Department are therefore not entitled to qualified immunity.

30.     The unreasonable seizure of Plaintiff by Defendant Nikolov and other Officers of the St. Louis Police Department and others was the result of the policies, usages and customs of the St. Louis Metropolitan Police Department.  The City of St. Louis and the St. Louis Metropolitan Police Department have a longstanding and widespread custom and usage of charging victims of excessive use of force with crimes, without probable cause or legal justification, all in an attempt to intimidate and interfere with victims' exercise of their legal rights. Additionally, the Chief of Police for the St. Louis Police Department is the final law-enforcement policy-maker for the City of St. Louis and the decision to seize Plaintiff's person therefore represented the official policy of the City of St. Louis.

31.     Based on the foregoing, Defendants violated Plaintiff's Constitutional rights which they knew or reasonably should have known Plaintiff possessed.

32.     As a result of the acts of Defendants as set forth herein Plaintiff Morgan-Tyra was deprived of her right to be free from unreasonable seizures of her person in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and for which a remedy is provided under 42 U.S.C. § 1983. Plaintiff also seeks an award of attorney's fees and costs pursuant to 42 U.S.C. § 1983.

33.     The acts of Defendant Nikolov were intentional, wanton, malicious, evil and oppressive, or exhibited a reckless indifference to the federally protected rights of Plaintiff entitling Plaintiff to an award of punitive damages to punish these Defendants and to deter others from like conduct in the future.

WHEREFORE, Plaintiff prays judgment against Defendants for compensatory damages in an amount which is fair and reasonable, for punitive damages against Defendant Nikolov in order to punish and to deter him and others similarly situated from like conduct in the future, and for the costs of this action, attorney's fees, interest, and such other and further relief as the Court deems fair and proper under the circumstances.

## COUNT III

### PLAINTIFF'S CAUSE OF ACTION AGAINST DEFENDANTS FOR CONSPIRACY UNDER 42 U.S.C. § 1985

**COMES NOW** Plaintiff and for her cause of action for conspiracy against Defendants, jointly and severally, states as follows:

34.     Plaintiff herewith adopts by reference paragraphs 1 through 33 of this Complaint the same as if fully herein set forth.

35.     Defendant Nikolov conspired with the City of St. Louis, the St. Louis Metropolitan Police Department and other officers of the St. Louis Metropolitan Police Department and acted in concert by way of an agreement to inflict the wrongs and injuries upon Plaintiff set forth herein.  Their agreement included taking steps to cover up the acts of excessive force. The conspiracy was intended to deny and deprive Plaintiff of her rights guaranteed to her under the Constitution and laws of the United States and of the State of Missouri.

36.     Defendant Officer Nikolov, other officers of the St. Louis Metropolitan Police Department and others acted in furtherance of the objective of the conspiracy by falsely imprisoning and interfering with the liberty of Plaintiff, and by taking other actions to prevent Plaintiff from gaining her liberty. The conspiracy included but was not limited to the use of excessive force, the unlawful detention and restraint of Plaintiff and the making of false and misleading statements after the events at issue so as to justify the shootings and to create an appearance not in accordance with the actual facts of the shootings and Plaintiff's false arrest.

37.     The acts of Defendants as set forth above were intentional, wanton, malicious, evil and oppressive, or exhibited a reckless indifference to the federally protected rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages against defendants in order to punish these defendants and to deter others from like conduct in the future.

WHEREFORE, Plaintiff prays judgment against Defendants for compensatory damages in an amount which is fair and reasonable, for punitive damages against Defendant Nikolov in order to punish and to deter him and others similarly situated from like conduct in the future and for the costs of this action, attorney's fees, interest, and such other and further relief as the Court deems fair and proper under the circumstances.

## COUNT IV

### PLAINTIFF'S CAUSE OF ACTION AGAINST DEFENDANTS FOR
### FAILURE TO TRAIN, SUPERVISE OR DISCIPLINE UNDER 42 U.S.C § 1983

**COMES NOW** Plaintiff for her cause of action against Defendants City of St. Louis and St. Louis Metropolitan Police Department, jointly and severally, state as follows:

38.     Plaintiff herewith adopts by reference paragraphs 1 through 37 of this Complaint the same as if fully herein set forth.

39.     Defendants are vested with the authority to establish policies or customs, practices and usages of the St. Louis Metropolitan Police Department through training, supervision, discipline and otherwise controlling the officers of the St. Louis Metropolitan Police Department.

40.     There exists within the St. Louis Metropolitan Police Department policies or customs, practices and usages that are so pervasive that they constitute the policies of the department, such that they are and were the moving force behind and thereby caused the constitutional deprivations of the Plaintiff as have been set forth herein:

41.     The policies, customs, practices and usages that exist are:

(a)     The officers of the St. Louis Metropolitan Police Department use excessive force without regard for the need for the use of force, or without regard for the legality of its use;

(b)     The officers of the St. Louis Metropolitan Police Department conspire with one another to "cover" for and protect one another from criminal and/or civil sanctions that might arise from the violation of the constitutional rights of citizens;

(c)     The officers of the St. Louis Metropolitan Police Department engage in conduct that is violative of the constitutional rights of citizens with whom they come in contact, including, but not limited to arresting, detaining and prosecuting people in

violation of the constitution and laws, both by the acts and means by which they are accomplished;

(d)     The officers do not use the least intrusive means of force necessary and the officers, by their words or actions, escalate encounters with citizens creating or causing the need for officers to use force or to use more force than otherwise would have been required;

(e)     Unlawfully using deadly force to combat non-deadly force or using deadly force in situations that could be controlled by the use of other means.

42.     On information and belief, Defendants have actual notice of these pervasive customs, practices and usages because, among other things, of a pattern of prior incidents of use of excessive force by officers. Despite these prior incidents, Defendants failed to train and supervise their officers, did nothing to remedy these pervasive customs, practices and usages, and in fact turned a "blind eye" to them.

43.     Furthermore, the failure to train, discipline or supervise by Defendants has resulted in members of the St. Louis Metropolitan Police Department using excessive force as a matter of custom in violation of clearly established law. The failure to train, supervise or discipline the Department's officers, including Defendant Nikolov, is not objectively reasonable.

44.     Additionally, Defendants are in possession of Defendant Nikolov's personnel file, including his disciplinary records, which may disclose additional grounds for Defendants' failure to train, supervise or discipline Defendant Nikolov.

45.     As a result of Defendants' failure to train, discipline or supervise the officers of the department, including Defendant Nikolov, they deprived Plaintiff of her rights to be free from excessive force and unlawful and unreasonable seizure in violation of the Fourth and

Fourteenth Amendments to the Constitution of the United States and remediable under 42 U.S.C. § 1983. Plaintiff also seeks an award of attorney's fees and costs pursuant to 42 U.S.C. § 1983.

WHEREFORE, Plaintiff prays judgment against Defendants City of St. Louis and the St. Louis Metropolitan Police Department for compensatory damages in an amount which is fair and reasonable, and for the costs of this action, attorney's fees, interest, and such other and further relief as the Court deems fair and proper under the circumstances.

## COUNT V

### PLAINTIFF'S CAUSE OF ACTION AGAINST DEFENDANTS FOR COMMON LAW ASSAULT AND BATTERY

**COMES NOW** Plaintiff for her cause of action against Defendants Officer Andrei Nikolov, City of St. Louis, and St. Louis Metropolitan Police Department, jointly and severally, states as follows:

46.     Plaintiff herewith adopts by reference paragraphs 1 through 45 of this Complaint the same as if fully herein set forth.

47.      The assault and battery of Plaintiff was unlawful and unjustified and without provocation or just excuse. Officer Nikolov acted with malice and in bad faith, with a reckless, wanton and willful disregard of Plaintiff's rights, such that Defendant Nikolov is not entitled to official immunity.

48.     Plaintiff sustained damages including physical injury as set forth above as a direct and proximate result of the assault and battery.

49.     Defendant's assault and battery of Plaintiff was unwarranted and manifested a conscious indifference to and reckless disregard for the rights of Plaintiff, thereby entitling Plaintiff to punitive damages to punish and deter these defendants and others similarly situated from like conduct in the future.

50.     Defendant Nikolov's assault and battery of Plaintiff was committed within the course and scope of his agency and employment relationship with Defendants City of St. Louis and the St. Louis Metropolitan Police Department. On information and belief, Defendant City of St. Louis has waived sovereign immunity as to itself and its employees, servants and agents, including by obtaining insurance coverage pursuant to § 537.610, Mo. Rev. Stat.

WHEREFORE, Plaintiff prays judgment against Defendants Officer Andrei Nikolov, City of St. Louis, and St. Louis Metropolitan Police Department for compensatory damages in an amount which is fair and reasonable, for punitive damages in order to punish Defendants to deter them and others similarly situated from like conduct in the future and for the costs of this action, interest, and such other and further relief as the Court deems fair and proper under the circumstances.

## COUNT VI

### PLAINTIFFS CAUSE OF ACTION AGAINST DEFENDANTS FOR COMMON LAW FALSE IMPRISONMENT

**COMES NOW** Plaintiff and for her cause of action against Defendants Officer Andrei Nikolov, City of St. Louis, and the St. Louis Metropolitan Police Department, jointly and severally, state as follows:

51.     Plaintiff herewith adopt by reference paragraphs 1 through 50 of this Complaint the same as if fully herein set forth.

52.     Acting within the course and scope of their agency and employment relationship with the City of St. Louis and the St. Louis Metropolitan Police Department, Officer Nikolov and other members of the department intentionally restrained Plaintiff against her will in violation of their right to be free from imprisonment without just or probable cause.

53.     The false imprisonment of Plaintiff was conducted in an unreasonable manner and was for an unreasonable length of time.

54.     As a direct and proximate result of Defendants' false imprisonment of Plaintiff, Plaintiff was damaged.

55.     Defendant Nikolov acted with malice and in bad faith, with a reckless, wanton and willful disregard of Plaintiff's rights, such that Defendant is not entitled to official immunity. As set forth above, on information and belief, Defendants City of St. Louis and the St. Louis Metropolitan Police Department have waived sovereign immunity.

56.     The acts of Defendants were intentional, wanton, malicious, evil and oppressive, thus entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays judgment against Defendants Officer Andrei Nikolov, City of St. Louis, and St. Louis Metropolitan Police Department for compensatory damages in an amount which is fair and reasonable, for punitive damages in order to punish Defendants and to deter them and others similarly situated from like conduct in the future and for the costs of this action, attorney's fees, interest, and such other and further relief as the Court deems fair and proper under the circumstances.

## COUNT VII

### PLAINTIFFS' CAUSE OF ACTION AGAINST DEFENDANTS FOR MALICIOUS PROSECUTION UNDER MISSOURI LAW

**COMES NOW** Plaintiff and for her cause of action against Defendants Andrei Nikolov, City of St. Louis, and the St. Louis Metropolitan Police Department, jointly and severally, states as follows:

57.     Plaintiff hereby incorporate the allegations set forth in paragraphs 1-56 the same as if fully herein set forth.

58.     Defendants instigated the criminal proceedings set forth above against Plaintiff by providing false and misleading information in the police reports prepared by Defendant Nikolov and other officers, and other statements made in the Complaint/Information.  Defendants were the "moving force" behind Plaintiff's subsequent criminal prosecution, which never would have occurred but for the illegal actions of Defendant Nikolov and others acting on behalf of the City of St. Louis and the St. Louis Metropolitan Police Department within the course and scope of their employment, who instigated and continued the criminal proceedings against Plaintiff for years as described above.

59.     Defendants lacked probable cause in both law and fact to instigate and pursue the criminal proceedings against Plaintiff, in that Defendants lacked such facts and circumstances as to warrant a prudent person having the honest belief that the actions and the means taken in the investigation and prosecution of Plaintiff were just, legal, and proper.

60.     Defendant Nikolov was a "complaining witness" in that the evidence used to charge Plaintiff was derived from and provided by Officer Nikolov.

61.     The facts known to Defendants (including pertinent facts that could have been ascertained by Defendants through the exercise of due diligence prior to instituting the judicial proceedings against Plaintiff) did not support any allegation that Plaintiff had assaulted Officer Nikolov or committed Armed Criminal Action as set forth above.

62.     In instigating, commencing and continuing the judicial proceedings against Plaintiff described above, Defendants acted maliciously.  Defendants intentionally engaged in wrongful acts and conduct without just cause or excuse in relentlessly pursuing Plaintiff's wrongful prosecution, without any probable cause to do so and for the improper purpose of chilling protected speech.

63.     The underlying litigation terminated in Plaintiff's favor when the St. Louis Circuit Attorney's Office dismissed and abandoned the charges against Plaintiff.

64.     At all relevant times, Defendants Nikolov and other agents of the City of St. Louis were acting within the course and scope of their employment and agency relationship with the City of St. Louis and the SLMPD and acted as the employees, servants and agents of Defendants when they maliciously prosecuted Plaintiff.

65.     On information and belief, Defendants City of St. Louis and SLMPD have waived sovereign immunity as to itself and its employees, servants and agents by obtaining insurance coverage, pursuant to § 537.610, Mo. Rev. Stat.

66.     As a direct and proximate result of Defendants' malicious prosecution of Plaintiff, Plaintiff was damaged, including mental anguish and reasonable attorney's fees and expenses incurred by Plaintiff in defending the wrongful prosecution.

67.     Defendants' malicious prosecution, as set forth above, was carried out intentionally, with an evil motive and/or with a reckless indifference and conscious disregard to the rights of Plaintiff, thereby entitling Plaintiff to punitive damages in an amount sufficient to punish and deter Defendants and others similarly situated from like conduct in the future.

WHEREFORE, Plaintiffs pray judgment against Defendants Officer Andrei Nikolov, City of St. Louis, and St. Louis Metropolitan Police Department for compensatory damages, for punitive damages in order to punish Defendants and to deter them and others similarly situated from like conduct in the future, attorneys fees, interest, and for such other and further relief as the Court deems just and proper, the premises considered.

<u>**COUNT VIII**</u>

**PLAINTIFF'S CAUSE OF ACTION AGAINST DEFENDANTS FOR**
<u>**ABUSE OF PROCESS UNDER MISSOURI LAW**</u>

**COMES NOW** Plaintiff and for her cause of action against all defendants, states as follows:

68.     Plaintiff incorporates paragraphs 1-67 set forth above as if fully set forth herein.

69.     Defendants' acts in falsely implicating Plaintiff in criminal activity as set forth above constituted an improper use of process that was neither warranted nor authorized by the process. Among other things, as described above, Defendant Nikolov and other agents and employees of Defendants abused legal process by providing false or misleading information in statements to other agents of the Defendants and in police reports, and thereby provided false or misleading information to prosecutors.

70.     Defendants abused legal process as set forth above for an unlawful purpose and with an illegitimate and collateral objective, and have acted willfully and with an ulterior motive in their use of legal process, in that Defendants used legal process through their authority as police officers to charge Plaintiff for a crime she did not commit, in an attempt to prevent Plaintiff from legitimately investigating and prosecuting Defendant Nikolov for his wrongful actions in shooting Plaintiff in violation of the law and her constitutional rights.

71.     At all relevant times, Defendant Nikolov, his superiors and the other officers and agents of Defendants were acting within the course and scope of their employment and agency relationship with the City of St. Louis and the St. Louis Metropolitan Police Department. On information and belief, Defendant City of St. Louis and/or the St. Louis Metropolitan Police Department has waived sovereign immunity as to itself and its employees, servants and agents, including by obtaining insurance coverage, pursuant to § 537.610, Mo. Rev. Stat.

72.     As a direct and proximate result of Defendants' abuse of process of Plaintiff, Plaintiff was damaged, including mental anguish and reasonable attorney's fees and expenses incurred by Plaintiff in defending the wrongful prosecution.

73.     Defendants' abuse of process, as set forth above, was carried out intentionally, with an evil motive and/or with a reckless indifference and conscious disregard to the rights of Plaintiff, thereby entitling Plaintiff to punitive damages in an amount sufficient to punish and deter Defendants and others similarly situated from like conduct in the future.

WHEREFORE, Plaintiff prays judgment against Defendants Officer Andrei Nikolov, City of St. Louis, and St. Louis Metropolitan Police Department for compensatory damages in an amount which is fair and reasonable, for punitive damages in order to punish Defendants and to deter them and others similarly situated from like conduct in the future and for the costs of this action, attorney's fees, interest, and such other and further relief as the Court deems fair and proper under the circumstances.

## COUNT IX

### PLAINTIFF'S CLAIM AGAINST DEFENDANTS FOR
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS UNDER MISSOURI LAW

**COMES NOW** Plaintiff and for her cause of action against Defendants, jointly and severally, states as follows:

74.     Plaintiff herewith adopts by reference paragraphs 1 through 73 of this Complaint the same as if fully herein set forth.

75.     Acting within the course and scope of his employment with the City of St. Louis and the St. Louis Metropolitan Police Department, Defendant Nikolov did, by shooting Plaintiff without just cause or provocation, assault, batter and cause grievous bodily injury to Plaintiff as set forth above.

76.     Defendant Nikolov should have realized that the conduct of shooting Plaintiff repeatedly involved an unreasonable risk of causing emotional distress to Plaintiff.

77.     As a direct result of the foregoing Plaintiff has suffered and is likely to suffer in the future from medically diagnosable and medically significant emotional distress.

78.     Defendant's negligence infliction of emotional distress, as set forth above, was carried out with reckless indifference and conscious disregard to the rights of Plaintiff, thereby entitling Plaintiff to punitive damages in an amount sufficient to punish and deter Defendants and others similarly situated from like conduct in the future.

WHEREFORE, Plaintiff prays judgment against Defendants Officer Andrei Nikolov, City of St. Louis, and St. Louis Metropolitan Police Department for compensatory damages in an amount which is fair and reasonable, for punitive damages in order to punish and to deter them and others similarly situated from like conduct in the future and for the costs of this action, interest, and such other and further relief as the Court deems fair and proper under the circumstances.

DOWD & DOWD, P.C.

By:     /s/ Richard K. Dowd
        Richard K. Dowd (33383)
        Douglas P. Dowd (29240)
        Alex R. Lumaghi (56569)
        211 N. Broadway, Suite 4050
        St. Louis, Mo. 63102
        314-621-2500
        Facsimile 314-621-2503
        rdowd@dowdlaw.net
        doug@dowdlaw.net
        alex@dowdlaw.net

        *Attorneys for Plaintiff*