UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JENNIFER MORGAN-TYRA, and | ) | |
|---|---|---|
| MICHAEL MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:18-CV-01799-AGF |
| | ) | |
| CITY OF ST. LOUIS, and OFFICER | ) | |
| ANDREI NIKOLOV, | ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

This case arises out of the May 8, 2015, shooting of Plaintiff Jennifer Morgan-Tyra, by City of St. Louis police officer Andrei Nikolov. This matter is now before the Court on Plaintiffs' motion and the affidavit of Plaintiffs' attorney, pursuant to Federal Rule of Civil procedure 56(d), asking the Court to continue consideration of the summary judgment motion (ECF No. 62) filed by Defendants pending further discovery.[1] Defendants have opposed Plaintiff's request, arguing that Plaintiff has not satisfied the specificity requirements of Rule 56(d) or shown that discovery is necessary to respond to the summary judgment motion, which asserts a claim of qualified immunity. Alternatively, Defendants request a limited delay of 45 days to allow Plaintiffs to conduct only that discovery necessary to respond to the assertion of qualified immunity.

---

[1] Under the current Case Management Order, which was agreed to by the parties, discovery has not been bifurcated and the deadline to complete discovery is July 31, 2020. *See* ECF No. 72.

The Court previously considered and largely denied Defendants' motion to dismiss based on a similar claim of qualified immunity, upon finding that Plaintiffs alleged sufficient facts to assert a violation of a constitutional right that was clearly established at the time of the alleged misconduct and that questions of fact inherent to the qualified immunity analysis could not be decided at the motion to dismiss stage. Now that Defendants have filed their motion for summary judgment based on qualified immunity, and upon review of that motion, the Court concludes that the motion likewise relies heavily on factual issues that have not yet been subject to discovery. These factual issues include, for example, whether the police officers announced their presence before Nikolov opened fire and what Nikolov could and could not see before opening fire.

Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). Although a district court's discretion in deciding a Rule 56(d) motion is more restricted when the summary judgment motion is based on qualified immunity,[2] a delay in considering summary judgment may be granted when the plaintiff establishes that specific facts essential to resist the summary judgment motion exist and can be elicited

---

[2] The Court notes that Defendants' summary judgment motion is not limited to Nikolov's claim of qualified immunity; rather, the motion challenges Plaintiffs' entire complaint, including the state-law claims and claims against the City, on multiple grounds.

from further discovery. *See, e.g.*, *Anzaldua v. Ne. Ambulance & Fire Prot. Dist.*, 793 F.3d 822, 836 (8th Cir. 2015); *Johnson v. Moody*, 903 F.3d 766, 772 (8th Cir. 2018).

Upon careful consideration of the parties' briefs and the authorities cited therein, the Court concludes that Plaintiffs have made a sufficient showing to warrant at least a limited time for additional discovery under Rule 56(d). Thus, the Court will grant Plaintiffs **60 days** in which to conduct whatever discovery they believe is necessary to respond to the summary judgment motion. The Court will not limit the discovery to certain topics, which the Court fears would invite further motion practice and inefficiency, but will instead ask the parties to work in good faith to target discovery to the issues raised in the summary judgment motion and to promptly schedule any necessary depositions.

The Court will also follow the "usual practice" under Rule 56(d), which is to deny Defendants' motion for summary judgment without prejudice to reapply after Plaintiffs have conducted this discovery. *See* 10B Charles Alan Wright & Arthur R. Miller, et al., Federal Practice and Procedure § 2740 (4th ed.). At that time, Defendants may refile their motion for summary judgment, and may advise the Court that they wish to incorporate by reference their previously filed statement of facts and memorandum in support thereof, or Defendants may file a new such statement and memorandum. The Court will give Plaintiffs 28 days to respond to the motion, and the Court will not grant any further request under Rule 56(d) by Plaintiffs absent a showing with specificity that additional discovery is required to respond to the motion, and good cause why such discovery has not been completed.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Deny or Defer Defendants' Motion for Summary Judgment and to Allow Discovery is **GRANTED in part**, as set forth above. ECF No. 67.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment is **DENIED without prejudice**. ECF No. 62.

**IT IS FURTHER ORDERED** that Defendants may refile their motion for summary judgment, either incorporating by reference their previously filed statement of facts and memorandum in support thereof or attaching a new supporting statement and memorandum, no earlier than **60 days** from the date of this Order. Plaintiffs' response shall be due no later than 28 days after such a motion is filed; any reply shall be due no later than 14 days thereafter.

                                                         AUDREY G. FLEISSIG
                                                         UNITED STATES DISTRICT JUDGE

Dated this 2nd day of March, 2020.